IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| ZACHARIAH BELL | § | |
| v. | § | CIVIL ACTION NO. 5:20cv71 |
| FEDERAL BUREAU OF PRISONS, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This lawsuit was severed out of a larger case filed by an inmate named Joel Bowen and was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

At the time the case was severed, the Plaintiff Zachariah Bell was ordered to file an amended complaint setting forth his own claims and to pay the statutory filing fee of $400.00 or to seek leave to proceed *in forma pauperis* in accordance with 28 U.S.C. §1915(b). A copy of this order was sent to Plaintiff, but was returned as undeliverable on June 15, 2020, because Plaintiff was no longer at the Federal Correctional Institution at Texarkana. To date, Plaintiff has not notified the Court of his mailing address or current location.

A district court may dismiss an action for failure of a litigant to prosecute or to comply with any order of the court. McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988); Fed. R. Civ. P. 41(b). Such a dismissal may be done *sua sponte* and appellate review is confined to whether the district court abused its discretion in dismissing the action. Id., citing Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 138-89 (1962). Plaintiff's failure to prosecute his case is demonstrated by his failure to keep the Court apprised of his mailing address or current whereabouts, and his failure to contact the Court in any way since the filing of the lawsuit.

Dismissal with prejudice for failure to prosecute or to obey an order of the Court is an extreme sanction which should be employed only when "the plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the Court no choice but to deny that plaintiff its benefit." McNeal v. Papasan, 842 F.2d 787, 790 (5th Cir. 1988), *citing* Rogers v. Kroger Co., 669 F.2d 317, 321 (5th Cir. 1982).  A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals, and dismissals without prejudice, among other lesser measures, prior to dismissing an action with prejudice.  McNeal, 842 F.2d at 793.

Plaintiff's failure to apprise the Court of his mailing address or current whereabouts is not an action which threatens the judicial process, rendering dismissal with prejudice unwarranted.  The imposition of fines and costs is not appropriate given the status and nature of this case.  The incidents in the lawsuit were ongoing at the time of filing, giving Plaintiff ample time to re-file his lawsuit, should he choose to do so, within the two-year limitations period.  Upon consideration of all relevant factors, the Court has determined that the interests of justice are best served by a dismissal of this lawsuit without prejudice.

## RECOMMENDATION

It is accordingly recommended that the above-styled civil action be dismissed without prejudice for failure to prosecute or to obey an order of the Court.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found.  An objection which merely incorporates by reference or refers to the briefing before the

Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections.  Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error.  Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**SIGNED this 16th day of November, 2021.**

*[Signature]*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE